THE CANIMA.

*(Circuit Court, S. D. New York.    March 6, 1885.)*

COLLISION—VESSEL AT PIER—CANAL-BOAT.
    The steam-ship C., coming up North river to make a landing on the south
    side of pier 47, caught sight of the canal-boat R. lying over 500 feet away
    moored on the north side of pier 48, with her bow projecting 10 or 15 feet into
    the river beyond the end of the pier.    This pier did not extend into the stream
    by over 50 feet, the distance of the other piers, and the place where the R.
    lay was 250 feet to the north from the intended berth of the C.    The C. meant

to back in, and as she came up to pier 47, she took a line from that pier to her starboard bow, but kept on with the flood tide until her bow was opposite to or beyond the north line of pier 48, when her bow was drawn in by the line and her stern carried out in the river by the tide, and thus she swung in towards pier 48 until her starboard bow struck the starboard bow of the R., which immediately sank. There was no one in charge of the R. at the time of the collision. *Held*, that the C. alone was in fault, the R. owing no duty to her or to any vessel intending to land at the south side of pier 47, and the captain of the R. being under no obligation to anticipate such an event as took place.

In Admiralty. Libel for damages. On appeal from district court. 17 Fed. Rep. 271.

WALLACE, J. The canal-boat Redfield, loaded with a cargo of coal, was lying moored on the north side of pier 48, North river, preparatory to discharging her cargo, when she was struck by the steam-ship Canima, and sank almost immediately. The Canima had come up the river intending to make a landing on the south side of pier 47, by backing into her berth. As she got opposite pier 46, her captain and first officer saw the Redfield with her bow projecting 10 or 15 feet into the river beyond the end of her pier. As the Canima came up to pier 47, she took a line from that pier to her starboard bow, but kept on with the flood-tide until her bow was opposite or beyond the north line of pier 48, when her bow was drawn in by the line, and her stern carried out into the river by the tide, and thus she swung in towards pier 48, until her starboard bow struck the starboard bow of the Redfield. As pier 48 did not extend into the river by over 50 feet, the distance of the other piers, and the place where the Redfield lay was 250 feet to the north from the intended berth of the Canima, and as the Canima saw the Redfield when she was over 500 feet away, there was no necessity and no excuse for the Canima's collision with the Redfield. The learned district judge before whom the case was tried in the court below was of the opinion that the Canima might and should have avoided the Redfield altogether, although the latter projected beyond the pier; and this conclusion is fully warranted by the proofs. But he was also of opinion that the Redfield was in fault because her bow projected, and upon this ground apportioned the loss. He also placed some emphasis, in his opinion, upon the circumstance that there was no one in charge of the Redfield at the time of the collision. 17 Fed. Rep. 271.

If the location of the Redfield had been such as to obstruct the Canima's access to her pier, or in any way to complicate her proper movements, the Redfield would have been culpable. But she owed no duty to the Canima or to any vessel intending to land at the south side of pier 47. She was not in the way of the Canima if the latter had not gone to a place where she had no right to go. If the Redfield had been wholly inside the pier, and obscured from the view of those in charge of the Canima, the conduct of the latter would have been more excusable than it was. And they can with no more justice complain of her location than they could if she had been wholly inside the pier. It might as well be urged that a sailing vessel holding her proper course,

but run down by a steamer, should be deemed in fault for want of a lookout. *The Fannie*, 11 Wall. 238, 243. If there was fault on the part of the Redfield, it did not contribute to the collision. That was due solely to the inexcusable negligence of the Canima. The Redfield was not even in the way of passing vessels, because the pier was so much shorter than the adjacent piers. The captain of the Redfield was under no obligation to anticipate such an event as took place. He was temporarily absent, but if he had been present he could not have rendered any material asistance in the emergency.

The libelant is entitled to a decree of $1,000, the sum at which his damages are adjusted by stipulation, as of the date of June 23, 1884, with interest from that date, with costs of the district court and of this appeal.