THE MARY POWELL.

THE PHILLIP SINNOTT.

MOORE v. THE MARY POWELL.

THE MARY POWELL Co. v. THE PHILLIP SINNOTT.

(*District Court, S. D. New York.* April 14, 1887.)

COLLISION—WHARVES AND SLIPS—PROJECTING BOATS—DANGEROUS SITUATION.
    While vessels may be charged with contributory fault for voluntarily assuming an exposed and dangerous situation, this rule is not to be applied, in the absence of any statutory or local regulation, except to an exposure clearly liable to receive or to inflict injury in the ordinary chances of navigation, and where injury is to be reasonably apprehended.

2. SAME—CASE STATED.
    The barge S. lay along the south side of the Twenty-fourth street pier, North river, with her bow projecting from 10 to 20 feet beyond the end of the

pier, but not extending beyond the line of another vessel lying against the end of the pier. The passenger steamer M. P., on leaving the Twenty-second street pier, which was 550 feet below and 100 feet shorter, in a strong north-west wind, ran against the S., inflicting a blow not outside of the line of the Twenty-fourth street pier. *Held*, that the S. was not chargeable with con-tributory fault; that there were abundant space and means for the M. P. to have kept off, by being headed more out into the river before casting off from the Twenty-second street pier; that the S. did not encroach upon the space or water that the M. P. was entitled to use; her situation was not an obstruction to the M. P., nor did it make her navigation dangerous; and that the M. P. was legally bound to provide against the contingencies of wind and tide, and was therefore solely chargeable with fault.

In Admiralty.
*Goodrich, Deady & Platt*, for the Sinnott.
*Whitehead, Parker & Dexter*, for the Mary Powell.

BROWN, J. Upon the facts of this case I cannot find that the barge Sinnott, while lying along the south side of the Twenty-fourth street pier, North river, projected beyond the end of that pier any further than the outer line of the other vessel that was moored against the end of the pier. The barge had been in that position a considerable time. She was not in motion, and she was struck by the Mary Powell just after the latter had left her usual landing at the foot of Twenty-second street, bound up river.

Whatever my own views might be as regards the duty of vessels, in the interests of safe navigation in this thronged harbor, not to allow any part of their hulls to project beyond the corners of the piers, or as regards the circumstances under which such projections should be deemed so dan-gerous as to be held contributory fault in case of a collision, my decision in this case is controlled by the case of *The Canima*, in which, upon ap-peal, (23 Blatchf. 165,) the decision of this court, (17 Fed. Rep. 271,) holding the projecting boat in fault, was reversed. That case is undis-tinguishable in principle, so far as I can perceive, from the present. The subsequent cases of *The Fort Lee*, ante, 570, and *The Margaret J. Sanford*, 30 Fed. Rep. 714, in both of which I held the projecting boat in fault, seem to me quite different from this case and from that of *The Canima*. In the former case, the projecting schooner obstructed and interfered with the usual and reasonable course of the ferry-boat in entering her slip,—a course that the latter was entitled to take; and the position of the schooner was also in violation of the harbor-master's rules, which re-quired boats not to obstruct or interfere with ferry-boats. In the case of *The Margaret J. Sanford*, the Tantallon was held chargeable with negli-gence, because the canal across which she partly projected was a public thoroughfare, which was narrow at best, and which could not be en-croached upon without making the passage dangerous to ordinary navi-gation. I therefore held the Tantallon in fault for that encroachment. No similar special circumstances exist in the present case. The distance between the Twenty-second street and Twenty-fourth street piers was over 550 feet of clear water, and the upper pier projected into the river less than 100 feet beyond the line of the Twenty-second street pier.

Neither the mooring of the other vessel at the end of the Twenty-fourth street pier, nor the projection of the Sinnott to the outer line of that vessel, can fairly be held any encroachment upon the space or the water that the Mary Powell was entitled to use, or which there was any need of her using, in approaching or leaving her pier at Twenty-second street. The Sinnott violated no regulation, and she certainly did not make the navigation of the Mary Powell dangerous or hazardous, or in any way substantially tend to complicate her movements. The Mary Powell had abundant space and opportunity to clear the vessels lying at the end of the Twenty-fourth street pier, and, in the language of *The Canima*, "had no business to be where she was" when she struck the Sinnott.

The fact that a vessel "has no business to be where she is," or to go where she goes, seems to me chiefly pertinent as respects her own fault. As respects the other vessel, the question is whether she has any business to be where she is, and whether she contributes to the injury by her fault also; and the inquiry whether a vessel, voluntarily moored in an exposed position, is or is not in fault because of her exposure, and of her liability to be injured herself, or to injure another vessel, by some accident or mistake or fault of the latter in approaching her, is doubtless a question of practical judgment, to be determined according to all the circumstances of the situation. By a dangerous exposure, I understand, not the mere possibility of injury through some mischance not reasonably likely to occur, but an exposure that is clearly liable to receive or to inflict injury in the ordinary chances, mistakes, and hazards of navigation; such as are to be reasonably apprehended as liable to arise. In this case there was certainly quite as little ground to apprehend danger as in the case of *The Canima*. The evidence indicates that the blow of the collision was not outside of the line of the end of the pier itself, so that the Powell would have run into the pier, if the Sinnott had not been there, unless she could have stopped before going ahead some 18 feet further. In order to get away safely, it was merely a question with the Powell how much she should be headed out into the river before casting off from the Twenty-second street pier. There was nothing to prevent her being headed round just so far as was necessary for safety. She was headed around as far as was supposed to be necessary, but, as it proved, not enough. The mistake made was one of judgment by the Powell's officers; and it occurred, naturally enough, in the very high westerly wind that prevailed; just as the Canima's collision was owing to the high southerly wind and strong tide. In neither case is the general skill and judgment of the officers and pilot impeached. But they were legally bound to provide against such contingencies of the wind and tide, or pay the damages inflicted upon others that were without legal fault.

Decrees may be entered accordingly, with costs.